Robinson et al., Appellants, *v.* Harmon, Admr., et al., Appellees.

(No. 553—Decided November 22, 1958.)

*Mr. William R. Ellis* and *Messrs. Robins, Metcalf & Fisher,* for appellants.

*Messrs. Keifer & Keifer* and *Mr. James A. Harmon,* for appellees.

CRAWFORD, J.   Plaintiffs, appellants here, are contesting the will of Margaret J. Robinson, deceased.   At the close of their evidence, the Court of Common Pleas sustained a motion of the defendants, appellees here and proponents of the will, to direct a verdict in their favor.   This action of the court is assigned as the principal error in the present appeal.

The appeal is noted as one on questions of law and fact. However, the cause is not appealable in that manner.   Section 2501.02, Revised Code.   The appeal will be considered as an appeal on questions of law only.   Section 2505.23, Revised Code.

The will is dated December 1, 1952.   A codicil thereto, changing only the naming of an executor and otherwise ratifying and confirming the will, is dated February 5, 1954.

Appellants claim lack of testamentary capacity.

The testatrix was placed under the guardianship of Riley A. Jackson on March 9, 1956, subsequent to the execution of the will and codicil.   This was done upon an application which asserted advanced age (82) and physical disability, not mental disability, and the testatrix consented thereto.

The entire evidence as to lack of testamentary capacity, considered in its most favorable light, indicates only that this elderly testatrix was suffering from some of the infirmities of age, such as failing eyesight, tremor of the hand in writing, and a tendency to talk to herself and to change subjects frequently in conversation.   There is no evidence that she lacked testamentary capacity as it has long been defined.   41 Ohio Jurisprudence, 308, Wills, Section 70.

It is contended that the will was not executed according to the required formalities.   The only attesting witness, Howard Lee Hall, who was called to testify, contradicted himself somewhat but did furnish facts indicating complete regularity in the execution.   As against such testimony and the presumption of validity which arises from the probate of a will (Section 2741.05,

Revised Code; 41 Ohio Jurisprudence, 479, 481, Wills, Sections 332, 333), his contradictory statements do not present a question for the jury.

This testimony of Hall was apparently directed to the execution of the will itself on December 1, 1952, and not to the subsequent execution of the codicil (to which he was also an attesting witness).

The proponents point out that the formalities of executing the codicil were not specifically challenged, nor do we find evidence on that particular point. Hence formal defects, if any, in the execution of the will itself were cured by its republication in the codicil. 41 Ohio Jurisprudence, 388, Wills, Section 196; *Morris* v. *Osborne*, 27 C. C. (N. S.), 161, 29 C. D., 280; *In re Will of Ayres,* 36 Ohio Law Abs., 267, 43 N. E. (2d), 918.

It is contended further that the signature on the will is not that of the testatrix. The evidence on this point consists of the signature on the will and prior known signatures of the testatrix, together with the opinion of a handwriting expert that the signature on the will shows "deterioration" from testatrix's earlier signatures and appears to be a "guided" signature. There was no testimony that it is not the "guided" signature of the testatrix. It is indicated that the person who did the guiding was probably Riley N. Jackson, one of the beneficiaries and proponents, who appears to be a man of reliable character who was previously entrusted by the testatrix with the conduct of her business affairs and subsequently appointed by the Probate Court as her guardian.

A "guided" or assisted signature is nevertheless a valid one if the *will* of the testator is thereby expressed. 41 Ohio Jurisprudence, 329, Wills, Section 101. There is nothing in the evidence to indicate that such was not the case here.

Undue influence is alleged in the petition, but there is no evidence whatever on that issue and it is not now being urged.

All the contestants' evidence, considered together, being obviously insufficient to overcome the presumption of regularity arising from the fact of probate, the Court of Common Pleas was required to sustain the proponents' motion for a directed verdict.

The only other error assigned is the refusal of the court to

permit contestants to cross-examine their own witness, Howard Lee Hall, who, they contend, became a hostile witness.

The Court of Common Pleas stated that the only complaint the contestants could have of this witness was that some of his answers were adverse to them, but that the court did not observe any hostility. No hostility appearing from the record, we must accept this view of the trial court which had the opportunity to observe the appearance and demeanor of the witness.

It should be pointed out that counsel for contestants were actually permitted considerable latitude in the examination, and they questioned the witness upon his prior statements or testimony (as in the cited case of *Hurley* v. *State,* 46 Ohio St., 320, 21 N. E., 645, 4 L. R. A., 161).

The right to cross-examine one's own witness rests within the discretion of the court. 42 Ohio Jurisprudence, 326, Witnesses, Section 324. We find such discretion to have been properly exercised here.

No error prejudicial to the contestants appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.